UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| i2 TECHNOLOGIES US, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-0521-G |
| MATTHEW ELSON, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion by the defendant Matthew Elson ("Elson" or

"the defendant") to dismiss for improper venue.  For the reasons set forth herein, the

motion is denied.

## I.  BACKGROUND

The plaintiff i2 Technologies US, Inc. ("i2 Technologies" or "the plaintiff")

originally filed its petition in the 192nd Judicial District Court of Dallas County,

Texas.  *See* Defendant Matthew Elson's Notice of Removal ("Notice of Removal") ¶ 1.

Elson is a citizen of the State of California; i2 Technologies is a Nevada corporation

with its principal place of business in Texas.  *See* Plaintiff's Original Verified Petition ¶¶ 1-2, *attached to* Notice of Removal *as* Exhibit B.  Elson removed the case to federal court alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).  Notice of Removal ¶ 3.  In the instant motion, the defendant seeks dismissal of the case for improper venue under 28 U.S.C. § 1391(a)(2).

## II.  ANALYSIS

As a matter of settled law, 28 U.S.C. § 1391 "has no application" to a case removed by a defendant to federal court.  See *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953); *Hakemy v. Jackson*, No. 3:01-CV-0272-P, 2001 WL 492378, at *2 (N.D. Tex. May 4, 2001) (Solis, J.).  Rather, the statute governing venue on removal is 28 U.S.C. § 1441, which reads, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  See *Polizzi*, 345 U.S. at 665-66.

Because this case was removed from state court to federal court, § 1391's venue analysis is inapplicable.  Elson's removal effectively waived any such statutorily based challenge to venue.  See *Hakemy*, 2001 WL 492378, at *2.  The Dallas Division of the Northern District of Texas embraces the 192nd Judicial District Court of Dallas County, Texas.  Accordingly, venue is proper in this court.

III.  <u>CONCLUSION</u>

For the reasons stated above, the motion to dismiss is **DENIED**.

**SO ORDERED**.

May 11, 2007.

_____

A. JOE FISH

CHIEF JUDGE